The opinion of the Court was delivered by
HUGER, J.
In Hopley v. Dufresne, 15 East. 215, a presentation was not only not proved, but had not been legally made, and yet it was held, that in an action against the endorser, on a subsequent promise to pay, it ought to be left to the jury to determine, whether the defendant had notice at the time of his subsequeut promise, that there had been no due presentation. And in Lundie v. Robertson, 1 East. 231, when the en-dorsee, three months after the bill was due, demanded *payment of the endorser, who said he had not had regular notice, but L would pay it, and no demand was proved to have been made upon the acceptor, though averred in the declaration; it was held, that every thing ought to be presumed against the defendant, in order to facilitate transactions of this nature ; and it was presumed, that the bill had been regularly presented, and due notice given to the endorser; and that the subsequent promise to pay was an admission, that there existed no objection to the payment, and that every thing had been rightly done.
In this case the insolvency of the drawer was known to the endorser, as he confessed upon the first application made to him for payment. Between the first and second application for payment, he appears to have been investigating the circumstances of the case; for he said to the witness, Montague, on his second application for payment, that he had ascertained that the note was payable the day before, but that he would pay the note. The presumption is, that he knew, when he made this promise, all the circumstances of the case, and if there had been no demand made on the drawer, he would have ascertained it. He was certainly aware that he was not legally bound to pay the note from the want of notice, but he said he did not deal in catches. His promise to pay was absolute, and the presumption is, that there was a previous demand on the drawer, and it need not be proved. The motion is dismissed.
Gantt and Johnson, JJ., concurred.
Richardson, J., dissenting.