UTICA,
August, 1829.

Lewis
v.
Lozee.

---

## LEWIS vs. LOZEE.

ERROR from the Dutchess common pleas. Lozee sued Lewis in an action on the *case* for making a *distress* of his goods, as his landlord, claiming a greater sum to be due to him than was in fact due, to wit the sum of $265 instead of $175; and that the plaintiff, to regain possession of his property, was forced and obliged to pay, and did pay, the pretended arrears of rent, together with the costs of the distress, &c. The defendant pleaded *non cul.*

On the trial of the cause, it appeared that Lozee was the tenant of Lewis of certain premises, under an indenture of lease, reserving an annual rent of $350, payable by half yearly payments, *in advance*, commencing on the 1st of March,

*In an action on the case by a tenant against his landlord, for destraining for a greater sum than is due for rent, where the tenant, to regain possession of his goods, gives a negotiable note, with sureties, for the sum claimed, if entitled to recover at all, the tenant is not entitled to recover, as damages, the difference between the rent due and the sum distrained for, if the note is not actually paid, and remains in the hands of the landlord.*

*A negotiable note, with sureties, taken by a landlord from his tenant, after a distress, for the amount claimed as rent, payable in 60 days, under an agreement to relinquish the distress, and not to re-enter or distrain within 60 days, is a collateral security only, and not a payment or satisfaction of the rent; it appearing affirmatively that the note has not been paid or negotiated by the landlord.*

UTICA,
August, 1829.

Lewis
v.
Lozee.

1827. The plaintiff produced a receipt for $175, in full of rent to the *first* day of March, 1828. On the *fourth* day of March, 1828, Lewis, by his bailiff, distrained upon certain property of the plaintiff, claiming the sum of $265, as rent due to him on the first day of March then instant. The property distrained was not removed from the premises. On the *fifth* day of March, 1828, the plaintiff, with two sureties, gave a note to the attorney of Lewis, and took a receipt in these words: "March the 5th, 1828. Recd. from Russell Lozee his note, with L. L. P. and J. P. R. as security, for $273, payable to Morgan Lewis or bearer, in full of rent due the said Morgan Lewis on the first of March instant, and costs of distress; said note payable on or before the 4th of May next: in consideration whereof, I agree, in behalf of the said Morgan Lewis, to relinquish the distress made; and further, that the said Morgan shall not re-enter or distrain within sixty days from this date. (Signed) John Armstrong, Jr. atty. for Mo gan Lewis." On the part of the defandant, the attorney of Lewis testified, that the note referred to in the receipt had not been paid: that it was the property of the defendant, and then the subject of a suit pending between the parties; that when the note was given to him, the plaintiff did not intimate that the rent claimed (for which, and the costs of the distress, the note was given,) exceeded the rent due; that such intimation was not given to him until the *twelfth* day of March, when the witness told the defendant if he would furnish him with the evidence thereof, he would credit him the excess on the note. It appeared that at the time of the distress, the plaintiff informed the *bailiff* that he had a receipt for a part of the rent claimed to be due; but there was no evidence that the bailiff communicated such claim to the defendant or his attorney. The court charged the jury that the receipt of March 5, 1828, standing unexplained, and in the absence of other testimony, was evidence that the note was accepted in satisfaction and payment; and they directed the jury to find a verdict of ninety dollars, with interest from the last day of grace of the note, that sum being the difference between the amount of rent distrained for and the amount of rent actually due at the time of the distress.

The defendant excepted to the charge. The jury found for the plaintiff $92, 62, for which a judgment was entered. The defendant sued out a writ of error.

*J. Armstrong*, *jun.* for plaintiff in error. There was no agreement to accept the note in payment. It was not paid nor negotiated; consequently it was no payment of the pre-existing debt or liability of the tenant (2 John. C. 438. 3 id. 71. 5 id. 68. 7 id. 311. 9 id. 310. 1 Wendell, 424.) In the case in 5 Johnson, it was held that a receipt for a negotiable note, though *in terms* for so much cash, in full of rent, was not evidence of an agreement to take the note as payment; and here such agreement is rebutted by the right to distrain or re-enter, asserted on the part of the landlord, and agreed to be suspended until the note fell due.

The plaintiff below was not entitled to recover. At all events, the rule of damages adopted by the jury, under the instruction of the court, was erroneous. The plaintiff paid nothing. No actual damages were sustained. The property distrained was not removed from the premises; and though, in law, that property ceased to be under his control whilst the distress continued in force, he had no right to complain thereof; for it is admitted that the distress was rightful as to $175 of the sum claimed. There is no evidence of malice; it was a mistake, offered to be corrected as soon as discovered; and if such offer cannot be considered, under the circumstances of this case, as a tender of amends within the statute, (1 R. L, 436,) still it shews the temper of the parties, and that no pretence existed for exemplary damages. The direction to the jury to find a specific sum in damages is alone sufficient to reverse the judgment.

*H. Swift*, for defendant in error. The distress was made for $90 more than was due to the landlord. This sum was paid; for the giving of a negotiable note was equivalent to the payment of money. The tenant was not obliged to wait until the note fell due, thereby giving to the landlord an opportunity to negotiate it, and to depart beyond the reach of process, but might institute his suit immediately. (11 Johns. R. 464. 6 Cowen, 297. 7 id. 662.) The receipt is *prima facie*

UTICA,
August, 1829.

Lewis
v.
Lozee.

evidence of an agreement to accept the note in satisfaction of the rent. The agreement not to re-enter or distrain within 60 days, at the foot of the receipt, could not have been made in reference to the note, because the 60 days expired on the *fifth* day of May, whereas the note did not fall due until the *seventh* day of May.

*By the Court*, SUTHERLAND, J. The receipt given by Armstrong for the note of Lozee and his sureties, shews that the note was received *as collateral security only*, and not as payment of the rent ; for the receipt contained an express stipulation that Lewis should not re-enter or distrain for the rent for sixty days from the date, that being the period which the note had to run. If the note was received by Lewis, *as payment or satisfaction of the rent*, why the stipulation that he should not re-enter or distrain again for 60 days? If the rent was paid by the note, he could not re-enter: his only remedy was upon the note, and his peculiar remedies as landlord were gone. The receipt appears to me to carry, as conclusive evidence upon the face, of it, that the note was received as collateral security only, and not as payment, as though it had been so expressed in terms.

There are cases, undoubtedly, where the giving negotiable paper is equivalent to the payment of money. (2 Esp. R. 571. 8 Johns. R. 206. 11 id. 518, 464. 6 Cowen, 301, 470. 7 id. 668. 1 Wendell, 430.) But none of those cases have any analogy to this. Here it is manifest it was not understood to be a satisfaction of the rent by the parties, but only a postponement of the day of payment, upon receiving additional security. It appeared affirmatively that the note had not been paid, and was still in the hands of the payee. (2 Johns. C. 438. 3 Johns. R. 71. 5 id. 68. 7 id. 311. 9 id. 310.) The plaintiff, therefore, if entitled to recover at all, should have had nominal damages only ; and the court erred in instructing the jury to find for the plaintiff the difference between the rent actually due and the amount distrained for, the latter being that for which the note was given.

Judgment reversed, and venire de novo to Dutchess common pleas.