Kennon *vs.* McRea.

### KENNON VS M'REA.

1. The release of an endorser does not operate a discharge of any previous party to a promissory note;—every endorsement of a paper being a new and substantive contract, and the liability of each endorser, as it respects the holder, being separate and distinct from the others.

2. It is competent for the holder of a paper endorsed in blank, to insert the name of an endorsee; and the striking out or alteration of an endorsement, does not divest the holder of his right to maintain an action, against any previous party to the note.

3. If a promise or acknowledgment, to charge the endorser of a promissory note, be made under a misapprehension of facts, to wit, under an impression that a demand had been made of the maker of a note, or that notice had been regularly sent through the post office, and the endorser promised payment or acknowledged his liability,—the consequence of the laches is not waived.

4. And such a promise or acknowledgment will entirely dispense with proof of presentment or notice, and will throw on defendant the double burthen of proving laches, and that he was ignorant of it.

5. And such a promise must shew that the endorser assumes a liability, or admits it to be continuing : and if the promise be conditional, the performance of the terms of the condition must be proved, before the promise or acknowledgment becomes absolute.

6. And it makes no difference that such a promise or acknowledgment is made under a misapprehension of law.

7. If a plaintiff shew a sufficient promise or acknowledgment, he cannot be deprived of its benefit because made after suit brought.

8. And if such a promise or acknowledgment be made to the

· holder of endorsed paper, any party to it who afterwards takes it up, may avail himself of it, and maintain action against the party making it.

9. The fact that a note was over due when negotiated, does not dispense with demand and notice.

10. Facts that excuse a demand and notice, may be proved, under a declaration in the usual form.

Error *to the County* court of Tuskaloosa county.

Assumpsit on a promissory note by endorsee against an endorser. The bill of exceptions stated, that on the trial of the case, plaintiff submitted in evidence, a promissory note, of which the following is a copy, to wit :

"Ten days after date, I promise to pay Alexander Shaw, or bearer, the sum of 1575 00 dollars, for value received, this 4th May, 1825.

"Hannah Longmire."

On which note were the following endorsements :

1. "I endorse the within note to William Kennon, for value received, this 6th May, 1825.

"Alexander Shaw."

In which endorsement the words "to William Kennon," were interlined in a different hand writing, and with different ink from the body of said endorsement.

2. "I assign the within note to E. Fuller, for value received. "William Kennon."

3. "I assign the within note to Rora McRea, without recourse. December 7, 1829. "Ezekiel Fuller."

In the last endorsement, the words "without recourse," appeared with the mark of a pen run through them, as above.

The plaintiff then offered as a witness on his behalf,

one Ezekiel Fuller, one of the endorsers on said note as shewn above, to prove defendant's liability, by reason of a promise to pay the contents of said note, notwithstanding an omission on the part of the holder to demand payment, and give notice of the refusal in due time,— to whom defendant objected; whereupon, the plaintiff released the said Fuller from liability to him, plaintiff, as an orser of said note, to plaintiff as aforesaid. The defendant still objected to the witness, as incompetent to prove the promise as aforesaid, notwithstanding the release. But the court overruled the objection, and defendant excepted.

The plaintiff proved by Fuller, that Kennon endorsed the note to Fuller, in the fall or winter of eighteen hundred and twenty-five, in consideration of a horse, sold by Fuller to Kennon's son, and that Fuller traded the note to McRea in eighteen hundred and twenty-six. In eighteen hundred and twenty-nine, witness held a conversation with Kennon, and told him, that Mrs. Longmire, the maker, was about to fail, and recourse would be had against the endorsers,—when Kennon requested witness to inform Shaw, the other endorser, of the same. That witness had another conversation with defendant after this suit was brought, when he, defendant, said he considered himself bound, and good for the amount of the note,—and that afterwards, in another conversation with defendant, he again said, that he was good for the amount. Plaintiff also proved by one McMillan, that he knew Mrs. Longmire for many years—that she had several slaves in her possession,—that she owed him a considerable sum of money which he was never able to

7 P.                    23

Kennon vs. McRea.

collect.   Defendant proved that at the time he endorsed the note, and at the time of Mrs. Longmire's death, she was in possession, and absolute owner of sufficient property to pay the amount of said note.   Defendant also proved by one Jones, that in the year eighteen hundred and twenty-five, he purchased a slave of said Mrs. Long-mire, and afterwards loaned her money in eighteen hundred and twenty five or eighteen hundred and twenty-six, which she paid him.   The foregoing comprehended all the evidence offered or introduced on said trial by either party.

The defendant moved the court for the following in-structions to the jury, to wit:   First, that the release of Fuller, the third endorser, by the plaintiff, operated a discharge of the liability of Kennon to McRea, and therefore plaintiff could not recover.

Second—That if the jury believed from the evidence, that a material alteration was made in the endorsement of Shaw, by the plaintiff, or by his authority, it operated a discharge of the defendant.

Thirdly—That if the jury belived a material altera-tion was made in the endorsement of Fuller to McRea, by the plaintiff, or by his authority, it invalidated that endorsement, and therefore plaintiff was not entitled to recover.

Fourthly—That the endorsement of the note by Ken-non, being after the note became due, did not do away with the necessity of a demand of payment of the ma-ker, and notice of refusal to pay, to defendant, in order to fix his liability.

Fifthly—That if the jury believed that defendant made

Kennon vs. McRea.

any acknowledgments, from which they could infer a waiver of the want of demand of payment of the maker of the note, and notice of refusal to the defendant, but that such acknowledgments were made after the suit was commenced, that plaintiff on that ground was not entitled to recover.

The court charged the jury, as to the first point made by defendant, that the release of Fuller, the third endorser, would not operate as a discharge of Kennon to McRea. As to the second and third points, the court decided, that if there was a material alteration made in the endorsements by the plaintiff, it would be fatal:—but the facts were submitted to the jury, to decide whether there was a material alteration or not. The court charged the jury, on the fourth and fifth points, made by defendant, that as the parties all lived in the neighborhood, and knew the situation of the maker of the note, and as the assignment of the note was made some time after it was due,—a promise to pay the note either before or after the suit was brought, would bind the party. To all of which, defendant excepted.

The plaintiff in error assigned as follows:

1. That the court below should not have permitted the witness, Fuller, to testify;

2. That the evidence offered, was not relevant to the cause of action laid in the declaration;

3. That the court should have instructed the jury, as requested by defendant;

4. That the court erred in instructing the jury as it did;

5. That the court erred in rendering judgment, &c.

*Crabb*, for plaintiff in error.

*Peck*, contra.

COLLIER, C. J.—1. The release of Fuller, the endorser of the defendant in error, did not operate a discharge of any previous party to the note. Every endorsement of a paper is a new and substantive contract, and the liability of each endorser, as it respects the holder, is separate and distinct from the others. Hence, a prior endorser, who has paid a note, cannot call upon a subsequent party for contribution, but can only look to those whose names are previous to his own. Fuller, then, being in no event liable to the plaintiff in error, it must be immaterial to the plaintiff, whether the defendant release him or not. The cases of a release from a joint and several liability, or of a prior endorser, rest upon entirely different grounds, and consequently, do not conflict with the position we have laid down.

2. It is certainly the duty of the judge, to determine all questions of law which may arise in the progress of a trial, and if, instead of determining himself, a point raised, he refers it to the jury, it is error,—if the party complaining, could be injured by such reference. Here, it is true, the judge of the county court submitted it to the jury to decide whether there was a material alteration in two of the endorsements on the note, when he should have determined the question of materiality himself, and only have submitted it to them to ascertain whether the alteration was made. In regard to the first alteration alleged, to wit, the insertion of these words, "*to* William Kennon," in an endorsement originally as fol-

Kennon *vs.* McRea.

lows: "I endorse the within note, for value received; this 6th of May, 1825." Signed—"Alexander Shaw;"—it can only be regarded as the filling up of a blank endorsement. And it is clearly competent for the holder of paper endorsed in blank, to insert the name of an endorsee—Snee vs Prescott, 1 Atk. 249; Ord vs Portal, 3 Camp. 240; Chitty on Bills, 134, 5, 6; Byles on Bills, 85, 6; Smith's Mer. Law, 128; Bank of Utica vs Smith, 18 Johns. R. 230; Josselin vs Ames, 3 Mass. R. 274; Tyler vs Binney, 7 ibid, 479; Hungerford vs Thompson, Kirby's R. 393; Snyder vs Satterlee, et al, Penn. R. 89; Lovell vs Everton, 11 Johns. R. 52; see also 1 Caine's R. 271. In respect to the second alteration insisted on, in striking from Fuller's endorsement to the defendant, the words "without recourse," whatever influence it may have upon the liability of Fuller, cannot divest the defendant of the right to maintain an action against any previous party to the note. While a material alteration would destroy the endorser's undertaking to pay, yet as the endorsement shows that the legal title has been transferred, the endorsee stands in the place of his endorser, and may sue all persons who were chargable to him. Now, although the judge of the county court should have decided upon the legal effect of the alterations, the plaintiff cannot assign his refusal to do so, for error; because the alterations were perfectly unimportant, and consequently, the plaintiff could not have been prejudiced, but might be benefited; as the charge could not have induced the jury to find against him, but might cause them to find in his favor. But had the defendant have been unsuccessful below, it would have been competent for

him to insist upon the refusal of the judge to instruct the jury, that the alterations were such as did not prejudice his right to recover; for the reason, that the jury, under the influence of such a charge as was given, might have found their verdict against him.

3. The charge of the judge, upon the fourth and fifth instructions, asked for by the plaintiff in error, it is believed, does not harmonise with the law. The charge is as follows: "That as the parties all lived in the neighborhood, and knew the situation of the maker of the note, and the assignment was made sometime after the note was due, that a promise to pay before or after the suit was brought, would bind the party, if the jury should believe from the evidence, the promise was made." This direction, we think calculated to embarrass, and probably to mislead the jury, by assuming the contiguity of the residence of the parties to the paper to each other, and their acquaintance with the situation of the maker of the note, and laying a stress on these facts, as exerting an influence over their rights. But we need not consider it in that light; for it is clearly objectionable in combining both law and fact, and thus forestalling the inquiries of the jury upon the evidence, instead of referring it to them to ascertain the facts proved.

It is true, that the consequences of a neglect to make a demand of the maker or drawer of a note or bill, and give notice to an endorser or drawer, may be waived by the person authorised to take advantage of it, by a promise to pay, or an acknowledgment of a liability to pay— Vaughan vs Fuller, 2 Strange, 1246; Horford vs Wilson, 1 Taunt. 12; Lundie vs Robertson, 7 East, 231; Brett vs

Levett, 13 East, 213; Wood vs Brown, 1 Starkie, 217; Hopes vs Alder, 6 East, 16; Whitaker vs Morris, 1 Esp. N. P. 60; Rogers vs Stephens, 2 T. R. 713; Dixon vs Ellison, 5 C. & P. 437; Margetson vs Aitken, 3 C. & P. 333; Gibbon vs Coygon, 2 Camp. 188; Greenway vs Hindley, 4 Camp. 52; Hodge vs Fillis, 3 Camp. 463; Potter vs Rayworth, 13 East, 417; Wilks vs Jacks, Peake, 202; Walker vs Laverty, 6 Munf. R. 487; Hall vs Freeman, 2 Nott & McC. 479; Fortheringham, vs Price's ex'or, 1 Day's R. 291; Laurence vs Ralston, 3 Bibb's P. 102; Ladd vs Kenney, 2 N. Hamp. R. 340; Hopkins vs Liswell, 12 Mass. R. 52; May vs Coffin, 4 Mass. R. 341; Duryee vs Dennison, 5 Johns. R. 248; Miller vs Hackley, 5 Johns. R. 375.

In Jones & Mann vs Savage, 6 Wend. R. 658, it was determined, "That a subsequent promise to pay is a waiver of the want of notice, in cases only where the promise was made with a full knowledge of the fact, that due notice had not been given, and that knowledge is not to be inferred from the promise itself, but it must affirmatively appear, that the party knew he had not received regular notice; otherwise, the presumption is, that the promise was made under a belief that regular notice was given, inasmuch as such notice need not be personal"—See also Trimble vs Thorn, 16 Johns. R. 154. This decision, not only holds it to be necessary for a plaintiff to prove the promise, but requires him to go further, and shew that it was made under such circumstances as make it effectual in law. To that extent, we think the case cannot be sustained. The rule, we understand to be this: If a promise or acknowledgment be

made under a misapprehension of fact; as,—if under an impression, that a demand was made of the maker of a note, or that a notice was regularly sent through the post office,—an endorser promise payment or acknowledge his liability, the consequence of laches is not waived—Goodall vs Dolley, 1 T. R. 712; Blessard vs Hurst, 5 Burr's R. 2672; Williams vs Bartholemew, 1 Bos. & Pul. 236; Stevens vs Lynch, 2 Camp. 333; and Pickin vs Graham, 1 Cr. & Mee. 728. But a promise or acknowledgment will entirely dispense with proof of presentment or notice, and will throw on the defendant the double burthen of proving laches, and that he was ignorant of it—Taylor vs Jones, 2 Camp. 105; Stevens vs Lynch, 12 East, 38; Nash vs Harrington, 1 Aik. R. 39. So, the promise or acknowledgment must be such as shews that the endorser assumes a liability, or admits it to be continuing. If conditional, the performance of the terms of the condition must be proved, before the promise or acknowledgment becomes absolute—Dennis vs Morris, 3 Esp. N. P. 158; Cumming vs French, 2 Camp. 106, n.; Standage vs Creighton, 5 C. & P. 406; Borodaile vs Lowe, 4 Taunt. 93. And it will make no difference that a promise or acknowledgment were made under a misapprehension of the law, for every man must be taken to know the law; otherwise, a premium is held out to ignorance, and there is no telling to what extent this excuse might be carried—Bilbie vs Lumley, 2 East, 469.

The fact, that the note was over-due when negotiated, did not dispense with a demand and notice. It is the duty of an endorsee to demand payment of the maker,

within a reasonable time after the transfer to him of paper, and if refused, to give notice of non-payment to the endorser. The undertaking of the endorser is made upon these conditions, and unless they are performed, it cannot become absolute, so as to entitle the holder to his action against him;—and, in this respect, there is no difference between paper endorsed before, and after it is due—Ecfertvs De Coudres, 1 Rep. Cons. Ct. 69; Rugely vs Davidson, 2 Rep. Cons. Ct. 33; Poole vs Tolleson, 1 McC. R. 199; Course vs Shackleford, 2 Nott & McC. 283; Aldis, et al, vs Johnson, 1 Vermont R. 136; Dwight vs Emerson, 2 N. Hamp. R. 159; Bishop vs Dexter, 2 Conn. R. 419; Berry vs Robinson, 9 Johns. R. 121.

If the plaintiff show a sufficient promise or acknowledgment, he cannot be deprived of its benefit, because it may appear to have been made after suit brought; for the reason, that it is supposed the plaintiff had a good cause of action, of which the promise or acknowledgment furnishes but evidence; or if there was no cause of action, when it was commenced, the defendant, for proper reasons, has admitted it, by waiving his defence—Hopley vs Dufresne, 15 East R. 275.

Whether the facts that excuse demand and notice, can be proved under a declaration, in the usual form, against an endorser, has been sometimes questioned. But the practice of declaring, in such cases, with an occasional decision approving it, and maintaining the waiver to be equivalent to a demand and notice, in our opinion, affords sufficient authority to warrant the admission of these facts in evidence under such a declaration, without putting the plaintiff to declare specially upon the promise—

7 P. 24

See Smith's Mer. Law, note m, 149; Norton vs Lewis, 2 Conn. R. 478.

It was not objected in the County court, that a promise or acknowledgment made to Fuller, would not inure to the defendant in error ; yet, as it is possible the question may be made upon another trial, it may be proper to remark, that if a promise or acknowledgment is made to the holder of endorsed paper,—any party to it, who afterwards takes it up, may avail himself of such promise or acknowledgment, and maintain an action against the party making it—Potter vs Rayworth, 13 East, 417; Brahan & Atwood vs Ragland, et al, 3 Stew. R. 247. And this, upon the ground that by the payment of a note by an endorser, he is remitted to all the rights of the holder against the previous parties. *So, the holder, it* would seem, stands in the same situation as an endorser, and is entitled to the remedies upon the endorsements which he would have, were he to take up the paper.

Instead of stating the law to be, that a promise to pay would *bind the plaintiff in error*, the judge of the County court should have instructed the jury, that they must be satisfied, from the evidence, that he either promised to pay, or acknowledged that he was liable to pay the note endorsed by him, *with a knowledge of the facts, as they really existed.* The jury were authorised to determine from the circumstances under which the conversation took place between Fuller and the plaintiff, and the language employed, not only whether there was *a promise*, but whether it was made under a *misapprehension of fact.* But their inquiries were restricted to the promise *alone*, and a consideration of the

circumstances under which it was made, entirely *excluded*. In thus limiting the duty of the jury, the charge of the judge is erroneous. The judgment of the County court is consequently reversed, and the cause remanded.