## Case No. 1,048.

### BARRETT et al. v. KOELLA.

#### [5 Biss. 40.] [1]

Circuit Court, D. Wisconsin. Sept. Term, 1857.

FRAUDULENT PURCHASE AND SALE — ASSUMPSIT—PRESUMPTIONS.

1. Where a merchant has, by means of false representations, purchased goods for his store on credit and then sells his stock in fraud of his creditors, and the goods sold cannot be found, the vendor may bring assumpsit before the credit has expired.

2. Where such goods cannot be found, the presumption is that they have been sold and for cash. If it is shown that he took notes for part, the presumption is that the notes were negotiable.

[See note at end of case.]

[At law. Action by Soramus L. Barrett and others against J. August Koella for money had and received. Tried by jury. Verdict for plaintiffs. Heard on motion for new trial. Denied.]

N. J. Emmons, for plaintiff.
Wm. P. Lynde, for defendant.

MILLER, District Judge. This suit is for money had and received. Plea non-assumpsit.

It was proven at the trial that the defendant, early in May last, applied to the plaintiffs, at their store in Chicago, to purchase goods upon credit to replenish his retail stock in Sauk City, in this state, representing that he was possessed of property worth twenty thousand dollars over and above all his debts and liabilities. On these representations, he obtained a bill of goods to the amount of five hundred and eighty dollars, on a credit of six months. The goods were shipped to defendant at Sauk City; and about the twenty-fifth of the same month he sold his stock of goods in fraud of his creditors, he being insolvent, taking in part payment a house and lot, and also two notes of the purchaser, for about fifteen hundred dollars. It was also proven that, upon search, these goods could not be found in the store; and the defendant, immediately after such fraudulent sale, absconded leaving his family in the premises so received by him in part payment of the stock

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of goods. The house was put in at six thousand five hundred dollars. This suit was commenced by attachment before the time of credit had transpired.

The court charged the jury that "if the jury found that the defendant procured the goods of the plaintiffs by fraud, and he soon afterwards sold out his stock of goods and received notes of the purchaser therefor in part payment, then this action would lie, although the time of credit had not expired; that the presumption was that these notes were negotiable, from the defendant being in mercantile business and from the circumstances attending the sale; and if the goods so sold by these plaintiffs could not be found in the store, the presumption is that the defendant had sold them; and that this suit for money had and received would lie."

A verdict being rendered for the plaintiffs, the defendant moved for a new trial.

This suit will lie if the plaintiffs' goods were sold by the defendant; if they were not sold, the suit would have to be in trover or replevin. Willet v. Willet, 3 Watts, 277; Putnam v. Wise, 1 Hill, 234; Osborn v. Bell, 5 Denio, 370; Jones v. Hoar, 5 Pick. [Mass.] 285. To sustain the action, the goods must have been sold for money, or something which was received as money. A mere exchange of commodities or articles is not sufficient. Doebler v. Fisher, 14 Serg. & R. 179. In regard to things treated as money, it has been held that this count may be supported by evidence of the defendant's receipt of bank notes, or promissory notes, or credit on account, in the books of a third person, or a mortgage assigned to the defendant as collateral security and afterwards purchased and bought in by him, or a note payable in specific articles or any chattel; but not where the thing received was stocks, goods, or any other article, unless in the understanding of the parties it was considered and to be treated as money, or unless it was intended to be sold by the receiver and sufficient time had elapsed for the purpose. 2 Greenl. Ev. § 118, and the cases there cited. Real estate is not a representation of money, and it not appearing that the real property was received as so much money, I did not allude in the charge to this portion of the consideration of the sale of the stock by the defendant. See Beals v. See, 10 Barr, [Pa. St.] 56–60.

It is well setttled that proof of the receipt of promissory notes by a defendant will support the count for money had and received, from their negotiability, they being representatives of money and compose part of the circulating medium. Ainslie v. Wilson, 7 Cow. 662; Rew v. Barber, 3 Cow. 272; Cumming v. Hackley, 8 Johns. 206; Beardsley v. Root, 11 Johns. 464; Lewis v. Lozer, 3 Wend. 79; Cameron v. Clarke, 11 Ala. 259. The proof is that two notes were given by the purchaser of the stock of goods to the defendant as part of the consideration. The defendant was in the mercantile business.

where negotiable promissory notes pass as money and are constantly in use; and the defendant was putting off his property in fraud of his creditors, where he would the more readily take negotiable notes. For these two reasons, the court charged the jury that the fair and legal presumption is that the notes were negotiable; if they were not negotiable, the defendant might produce them at the trial. For the reasons above stated, and the non-production of the notes, I am of opinion that the verdict should not be disturbed for this reason.

The receipt of money by the defendant may be proven by circumstances. It is not necessary that the proof should be positive. This is an equitable action, and is sustained upon equitable as well as upon legal principles. Where goods are left in a store for sale and the storekeeper would neither produce them nor pay the price, it has been left to a jury to presume that the storekeeper had received the price of them. Tuttle v. Mayo, 7 Johns. 132; Gray v. Griffith, 10 Watts, 431. In this case there was no legal sale by these plaintiffs to the defendant of the bill of goods; he was in law a bailee of the goods, liable to surrender them to the plaintiffs on demand. An action of trover and conversion would lie; and upon proof that the goods could not be found in defendant's store, their conversion would be presumed, they having been purchased for the store. Upon the same principle does the law raise the presumption of their sale and the receipt of their price by the defendant. They were procured to replenish the stock of the defendant, and they are presumed to have been put into the store; and if not there, the legal presumption is that they have been sold by the defendant and their price by him received.

Motion for new trial denied and judgment upon verdict.

NOTE. [from original report.] Consult Wigand v. Sichel. 3 Keyes, [*42 N. Y.] 120, where it is held the vendor on discovering the fraud may sue for goods sold and delivered before expiration of the credit. See, also, Kerr, Fraud & M. 327, 331, note by the American editor. Mr. Chitty says, "Where goods or other property improperly received by the defendant are saleable, it may under circumstances, and after a time, be presumed that he has sold the property and received money in return, provided that there be reasonable evidence that the defendant converted the same into money, but not otherwise." 1 Chit. Pl. 351, and notes.