212                    SUPREME COURT.

Guild vs. Goldsmith, Haber & Co.—Opinion of Court.

JOSIAH Q. GUILD, PLAINTIFF IN ERROR, vs. GOLDSMITH, HABER & Co., DEFENDANTS IN ERROR.

1. Where a promissory note, payable to order, was endorsed after it was due, it was held that the endorsee was bound notwithstanding to prove a demand of payment from the maker and notice to the endorser, *unless* there was some special agreement taking the endorsement out of the usual effect thereof, or circumstances occurred making demand and notice of dishonor unnecessary.

2. What is a "reasonable time" for demand for *payment* and notice of dishonor on a note transferred after it is due, (where the facts are ascertained,) is a question of law, depending on the facts of each particular case.

This case was decided at Marianna.

Writ of error to Santa Rosa Circuit Court.

The opinion of the Court contains a statement of the case, to which reference is made.

*Jordan & Chain* and *McClellan & Barnes*, for plaintiff in error, cited: Byles on Bills of Exchange, 232 and note; Bishop vs. Dexter, 2 Conn. 419; 1 Yeates, 360; 3 Kent, 93–105 and notes; McKenny vs. Crawford, 8 Sergt. & R., 351; Berry vs. Robinson, 9 John., 121; 3 S. C. Const. Rep., 33; 3 Bailey S. C. Rep;, 457.

*C. W. Jones*, for defendant in error, cited: Brown vs. Davis, 3 T. R., 80; 5 Johnson, 118; 3 John. cases, 5; 4 Mass., 370; 6 Pick., 259; 7 Watts & Sergt., 331; 5 John., 118.

FORWARD, J., delivered the opinion of the Court.

This was an action of assumpsit, on a promissory note made by one John W. Cook, for $800, alleged to be dated the 4th day of August, A. D. 1859, "payable to the defendant or order on the first day of January, after date, with eight per cent. interest after due." The declaration stated

that the defendant, after the said note was delivered to him by said Cook, to wit, on the 17th day of January, 1859, at Santa Rosa county, endorsed the said note to the plaintiffs, and the said John W. Cook did not pay the amount thereof, although the same was then presented to him on the day when it became due, of all which the defendant then and there had notice, and afterwards, in consideration of the premises, promised to pay the amount of said note to the plaintiff on request, &c. To this declaration the defendant in the Court below plead: 1st. That said promissory note was not presented in manner and form as alleged. 2d. That he had not due notice of the non-payment of the said promissory note in manner and form as alleged. To which pleas a replication was filed, averring that the defendant endorsed the said promissory note to the plaintiff long after the said note became due and payable, according to the tenor and effect thereof. The replication was demurred to by the defendant, who said it was not sufficient in law, "because he says that an endorser of an over-due bill or note is entitled to notice, as though it was a bill drawn at sight." And at December term, 1859, the Court overruled the demurrer and gave judgment against the defendant for the amount of the principal and interest due on the note. To which ruling and judgment the plaintiff in error then and there excepted, and brings his writ of error to this Court.

The following are the errors assigned:

*First.* That the Court erred in overruling the demurrer of the defendant to the replication of the plaintff.

*Second.* That the Court erred in giving judgment for the plaintiff upon the pleadings.

It is well settled law both in England and America that the endorsement of a promissory note, after it is due, is equivalent to drawing a new bill payable at sight, and it must be proceeded with as such unless there is some special agreement to the contrary. Chitty on Bills, 242.

214                    SUPREME COURT.

Guild vs. Goldsmith, Haber & Co.—Opinion of Court.

Judge Story, in his Treatise on Promissory Notes, section 129, says: "It is in fact a request of the endorser that the maker (who stands in this respect very much in the situation of an acceptor) would pay the amount to the indorsee, or to any other holder, if the *endorsement is not restricted*. Indeed, it may be treated with strict propriety as an authority given to the endorsee to receive the money due on the note, and also an undertaking that it shall be paid to him upon due presentation, and therefore, as involving, in case of dishonor and due notice thereof, the ordinary responsibility of an endorser of negotiable paper."

The contract on the part of the endorser, (and in this case it will be noticed the endorser is the payee of the note,) was among other things, that if, when duly presented, the note was not paid by the maker, he, the endorser, would, upon due and reasonable notice given him of the dishonor, pay the same to the holder.

In Berry vs. Robinson, 9 Johnson, 121, the Supreme Court of New York say: "The plaintiff was properly non-suited for not proving demand of payment on the maker and notice of his default to the endorser. The books make no distinction on this point, whether a note be endorsed before or after it is due."

So in South Carolina, in Poole vs. Tolleson, 1 McCord, 200, it was held that where a note is endorsed after it became due, demand must be made of the drawer, and notice of non-payment must be given to the endorser to make him liable.

See also Stockman vs. Riley, 2 McCord. 399, and 2 Nott & McCord, 283.

And in Van Hooser vs. Van Alstyne, 3 Wendell, 79, it is laid down that a note transferred after it is due is to be considered payable on demand, and the demand and notice must be made in a reasonable time. What is a "reasonable

time" is a question of law, where the facts are ascertained, to be decided by the Court.

In Byles on Bills of Exchange, page 346, the general rule is laid down to be that notice must be given before action brought, within a reasonable time and after the dishonor, and that what is a reasonable time is a question of law, depending on the facts of each particular case. See also Darbishire vs. Parker, 6 East., 3.

This being the law in cases like the one under consideration, it follows as a matter of certainty the Court erred in overruling the demurrer to the replication and in rendering judgment against the plaintiff in error as endorser of said promissory note, without proof of demand and notice.

*Per curiam.*—Let judgment be reversed and this cause be remanded back to the Circuit Court, with leave to the parties to amend the pleadings.