### FREDERICK W. CHANDLER v. W. H. WESTFALL.

Where a party writes his name upon a negotiable paper in blank, he is held
responsible as guarantor, and he gives to the holder an implied power to
write over his name the most absolute terms of guaranty.

Where the holder treats him as indorser, and fixes the date of his indorsement
in his petition, he is held to his pleading.

To hold an indorser, who is stated to have indorsed on the 1st of January,
1863, suit must have been brought to the first, or, at most, to the second
term of the district court thereafter, and cause must have been shown for
not bringing it to the first term. (Paschal's Dig., Art. 220, Notes 283, 290.)

And the same rule applies, whether the note was indorsed before or after
maturity.

The 6th section of the 11th ordinance of the convention of 1866 (Paschal's
Dig., Art. 4631a) does not control article 220 of Paschal's Digest, as to fixing
the liabilities of indorsers of negotiable security.

APPEAL from Travis. The case was tried before Hon.
JOHN IRELAND, one of the district judges.

Westfall sued George Flournoy and Frederick W. Chand-
ler upon a promissory note, dated 28th of February, 1861,
and due one day after date, whereby Flournoy promised to
pay John T. Miller or bearer $125.

The petition averred that, on the 1st of January, 1863, Chandler, for a valuable consideration, sold, transferred, indorsed, and conveyed said note to the plaintiff, writing his name on the back thereof in blank, whereby the defendants became indebted to the plaintiffs for the amount of the note.

Chandler accepted service on the 6th of October, 1865. Flournoy was duly served by publication and also by personal service.

Chandler filed a general demurrer, and also denied that he ever sold the note, &c.; that ever the plaintiff got possession of it from him.

The petition also averred, that if he indorsed it, he indorsed it on the day of the date of the note. The defendant demurred to this answer, and also replied, that civil suits were suspended from the 1st of February, 1861, to the 1st of September, 1866. Chandler's demurrer was overruled, and judgment was rendered against both of the defendants. Chandler only appealed.

The statement of facts shows that the note with Chandler's indorsement, "F. W. Chandler," was read to the jury. Chandler propounded interrogatories to the plaintiff. He admitted that he did not purchase the note from Chandler, and stated that he supposed when he bought it that Chandler had put his name on the back of it to make himself an indorser. The question was as to the character of Chandler's liability.

The *Reporter* cannot but observe that the court overlooked, or did not deem it worth while to notice, the stay laws passed during the war, which declared, that it should not be necessary during the war to bring suit against the acceptor of such bill of exchange as indorser and maker of a promissory note, in order to fix the liability of any drawer or indorser of such bill or note. (Paschal's Dig., Arts. 5130, 5144.)

*William M. Walton*, for appellant, argued that Chandler was not responsible as an indorser, and that there were no such averments as to make him responsible as a guarantor. He cited Stockman v. Riley, 2 McCord, (S. C.,) 398, and Berry v. Robinson, 9 Johns., 121, to show that an indorser, after maturity, was entitled to have all the diligence used against the maker as if indorsed before maturity.

*M. H. Bowers*, for appellee, suggested delay.

CALDWELL, J.—This suit was brought by appellee to the fall term of the district court, 1865, on the following promissory note:

" [$125.]   One day after date I promise to pay John T. Miller, or bearer, one hundred and twenty-five dollars and fifty cents, with ten per cent. interest until paid, for value received.                    GEORGE FLOURNOY."

Which is indorsed in blank on the back by "F. W. Chandler."

Judgment was rendered in the court below against both defendants, from which Chandler alone appeals.

We have not been furnished with a brief or oral argument by the appellee.   It is submitted on his part upon a suggestion of delay, asking an affirmance with damages.

What was the character of the liability assumed by appellant, Chandler?   A blank indorsement by another than the payee is held responsible as guarantor.   (21 Pick., 142.) Such indorser thereby gives to the holder an implied power to write over his name the most absolute terms of guaranty. (27 Pick., 446.)   Yet it may be shown by appropriate averments and proof that the obligation intended to be assumed was of another character.   (9 Tex., 615.)   From this it seems that the holder of such promissory note thus indorsed may pursue the indorser in any manner he may elect, not incompatible with the original undertaking. .

Looking therefore into the appellee's petition, we find

that he became possessed of said note thus indorsed January 1, 1863, in due course of trade, nearly two years after its maturity.  Thus, by a well-known rule of pleading, construing appellee's allegations most strongly against him, we fix the date of Chandler's indorsement, and the manner in which appellee elects to hold him liable, and this, too, upon principle, for Chandler could only look to the pleadings to prepare his defense.  If appellee had charged him as guarantor, or in any other character than indorser, as well he could, it would have presented an issuable fact, enabling Chandler, by competent proof, to have negatived and thereby avoid the action.  Not having done so, appellee must be held strictly to his own pleadings, which charges appellant as indorser 1st January, 1863.

Is Chandler liable as indorser?  To hold an indorser liable, suit must be brought to the first, or at most to the second, term of the district court, and cause shown for not bringing it to the first term.  (Paschal's Dig., Art. 229.)

The same rule prevails even though the note is indorsed long after maturity.  (3 Wend., 79.)  Demand must be made in a reasonable time, which under our statute may be by suit.  (9 Johns., 121.)

It is insisted, however, that section 6, ordinance 11, convention of 1866, suspends the statute requiring suit to be instituted to charge the indorser.  To this we reply, that article 229 of Paschal's Digest is not a statute of limitation, and cannot be affected by the ordinance in question, as held in Ryan v. Flint & Chamberlin, determined at the present term of this court.  [*Ante,* 382; McClelland v. Slauter, *post,* 497.]

Upon the whole, we are of opinion that Chandler is not liable.  The judgment of the court below is reversed and dismissed as to Chandler.

REVERSED AND DISMISSED.