## W. H. HORTON AND ANOTHER v. J. M. MANNING.

1. At the request of the makers of a promissory note, one M. advanced the money and took up the note to prevent suit thereon, it being agreed between M. and the makers, that M. should hold the note until paid. *Held*, that on paying the note to the holder, M. became the legal and equitable owner of it, and was fully authorized to sue the makers and the indorser in his own name.

2. When a person other than the payee of a note indorsed it by simply writing his name across the back of the note at the time it was made, he thereby became a guarantor of the payment of the note; and the ·fact that the holder of the note wrote a guaranty above the blank indorsement, after the death of such indorser or guarantor, could in no way change the liability of the latter's estate.

APPEAL from Leon. Tried below before the Hon. J. B. Rector.

The note sued on was made by S. M. Horton and W. H. Horton to one Wilson, and at the time it was made, Orson McDaniel indorsed it in blank. Wilson immediately transferred and delivered the note to one Donaldson, who placed it in the hands of Weir, an attorney, for collection. Manning, the plaintiff and appellee, by an arrangement with S. M. Horton, furnished the money to take up the note and prevent suit upon it; and Donaldson, testifying for Manning, stated that McDaniel told him that Manning was to furnish the money and hold the note until paid. McDaniel died, and after his death Manning wrote a guaranty of payment over McDaniel's indorsement, and presented it, duly authenticated, to McDaniel's executrix for allowance. The executrix rejected it as a claim against the estate, and Manning brought this suit against her and the two Hortons, and recovered a judgment from which the executrix and W. H. Horton appeal.

After the rendition of the opinion in this case, the appellants moved for a rehearing, but the motion was overruled.

*W. D. Wood*, for the appellants.

No brief for the appellee.

OGDEN, J. There can be no doubt that J. M. Manning, the appellee in this case, on paying the amount of the note sued on to Weir, who held the same for collection as the property of Donaldson, became the legal and *bona fide* owner of the same, and was fully authorized by law to sue the makers and indorser in his own name; and the fact that S. M. Horton and McDonald requested him to advance the money, and take the note out of the hands of the attorney, who was about to bring suit on the same, in no wise affected the liability of either the makers or indorser.

The indorser who signs his name in blank across the back of a note thereby became a guarantor for the payment of the same; and authorized the holder to indorse or write above his name any character of security he might choose. The fact that the holder of the note wrote a guaranty above the name of the blank indorser after his death, did not, and could not, change the character of the liability of his estate.

We are unable to discover any evidence that S. M. Horton ever paid the note sued on, or at any time had any legal possession or control over the same; and much less are we able to discover any evidence that he transferred the note to appellee after the same had been paid and canceled, without the knowledge or consent of his co-obligors. There is no error in the judgment, requiring a revision of the same, and it is affirmed.

Affirmed.