### E. T. CLYMER v. J. L. TERRY.

Decided April 18, 1908.

#### 1.—Promissory Note—Endorsement—Plea of Non Est Factum—Burden of Proof.

The holder of a promissory note sued the payee upon the following endorsement which appeared upon the note, signed by the payee: "On demand I promise to pay in full the within note." The payee answered under oath that, when he transferred the note, he simply endorsed it in blank, and that the balance of the endorsement was added afterwards without his knowledge or consent. Held, the burden of proof was upon the plaintiff to show that the entire endorsement was made by the payee, or by his authority.

#### 2.—Same—Cases Distinguished.

A distinction is to be observed as to the burden of proof between those cases wherein the genuineness of the instrument sued on is admitted and the plea of *non est factum* relates only to some alteration in the instrument, and cases in which the plea puts in issue the execution of the contract sued on.

#### 3.—Guaranty—Definition.

A guaranty is a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is in the first instance liable for such payment or performance. The endorsement of the following promise upon a note by the payee is not a guaranty: "On demand I promise to pay in full the within note."

#### 4.—Husband and Wife—Transfer of Note.

A promissory note, the separate property of the wife, may be transferred by the endorsement of the husband alone.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Looney & Clark,* for appellant.—The court erred in holding that the burden of proof was upon plaintiff to show that the endorsement on the notes was made by defendant. Wells v. Moore, 15 Texas, 522; 88 Texas, 394; Muckleroy v. Bethany, 27 Texas, 552; Kansas Mut. Life Ins. Co. v. Coalson, 54 S. W., 389; Sturm v. Boker, 150 U. S., 312; 1st Vol. Texas Civil Practice, p. 455.

*Bennett & Jones* and *H. C. Conner,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted in the court below on September 25, 1906, by the appellant, against appellee and J. G. Jobe and H. L. Brown, on two promissory notes executed

on January 8, 1904, by W. P. Watson in the sum of $250 each, due in one and two years, respectively, after date, bearing 10 percent interest per annum from date and providing for 10 percent attorney's fees. The suit was by appellant dismissed as to the defendants Jobe and Brown, and appellee Terry was sought to be held liable for the full amount of the notes, interest and attorney's fees by reason of the following obligation alleged by appellant to have been executed by appellee on the sale and transfer of the notes by him to the appellant, that is, appellant alleged that appellee made and executed the following on the back of each note, viz.: "On demand I promise to pay in full the within note." The appellee answered in the court below, first, by general denial; second, specially under oath, that being the owner of the notes on October 20, 1904, he assigned them to appellant "by simply endorsing his name in blank thereon and that on the same day he delivered the notes so endorsed to the plaintiff" and if there is any other endorsement or any other writing on said notes save that of appellee's name, purporting to have been executed by him, that any such endorsement or writing was made after the notes were delivered to plaintiff, and without defendant's knowledge or consent and without his authority; third, that he had made himself liable on said notes as endorser, and that appellant had not sued therein within the time required by law and therefore this liability had been lost; fourth, that the contract of endorsement on the notes had been materially and fraudulently altered, and by reason of such fact, the appellee was released from all liability as an endorser in blank; fifth, that his codefendant, H. L. Brown, purchased the land for which the notes were given as a part of the purchase money, and assumed and agreed to pay said notes and that by reason thereof, Brown became primarily liable therefor. In a supplemental petition appellant replied: first, by a general denial, and second he alleged that appellee ought to be estopped to disclaim liability as an endorser of the notes because if suit had not been filed thereon within the time prescribed by law that appellant had not done so and had refrained from doing so at the repeated requests of the appellee.

A trial before the court without the intervention of a jury resulted in a judgment for defendant to which judgment appellant excepted and perfected an appeal to this court.

The trial judge filed the following conclusions of fact:

1. I find the existence of the two notes sued upon as described in plaintiff's petition; that they were given for the purpose as alleged, and subsequent to their execution they became the property in due course of trade of J. M. Clymer, now deceased, and on the division of his estate among his legal heirs, these notes were set apart to Mrs. Terry, wife of J. L. Terry, the defendant, as a portion of her share of her father's estate.

2. Subsequent to the time that these notes became the property of Mrs. Terry, the plaintiff, E. T. Clymer, and the defendant, J. L. Terry, made a land trade and as a part of the purchase price for land conveyed to him by plaintiff the defendant transferred the two notes in suit.

3. I find that on each of the notes in question the signature of

J. L. Terry was written thereon by himself and above this signature on each of said notes is written the following language: "On demand I promise to pay in full the within note."

4. On the issue as to whether or not the language written above the signature of the defendant Terry, quoted above, was there before he signed his name upon the notes or was written there afterwards without his knowledge, consent or authority, I find that the plaintiff, Clymer, testified that the language was in his handwriting but was written there by him before the defendant wrote his name across the back of the notes; the defendant Terry, while admitting his signature, testified that he endorsed his name in blank across the back of each of the notes at the time of their transfer to the plaintiff, but denied that the language above his signature was written there at the time he signed, and testified that the same was written there without his knowledge, consent or authority.

5. I find from an inspection of the signature of the defendant and the language written on the back of the notes above the same that no change or alteration is apparent and as to whether or not the same was made by Terry as testified to by Clymer or was simply signed in blank as testified to by Terry, I make no finding, in other words, in my view of the law the court is not called upon to decide this issue of veracity between the parties.

*Opinion.*—The contention is here made that the trial court erred in holding the burden of proof to be upon plaintiff. Appellant, in support of his contention, cites the cases of Muckleroy v. Bethany, 27 Texas, 552, and Wells v. Moore, 15 Texas, 522. The former was a suit upon a promissory note. The defendant pleaded a special *non est factum,* setting up that the note executed by him was not under seal, while opposite to the names of the makers of the note sued on there were scrolls, in one of which the word seal was written. The question on appeal was upon whom was the burden of proof imposed by this special plea? The signatures to the notes were genuine and the note upon its face bore no marks of alteration. It was held that the burden of proof was on the party pleading the special *non est factum.* The ruling was based on a similar ruling made in the case of Wells v. Moore, *supra.* In those cases the genuineness of the instruments sued upon seems to have been admitted, and the special plea of *non est factum* only raised the issue of an alteration in the notes. In such a case we think the rule is different than where there is a plea under oath denying the execution of the contract upon which the suit is based. The allegation in the petition upon which the liability of appellee was sought to be held was as follows: "Plaintiff shows further that in due course of time he became the owner of said notes by transfer from the defendant, J. L. Terry, that is, the said J. L. Terry made and executed the following endorsement upon each of said notes, to wit: 'On demand I promise to pay in full the within note,' and after executing the same delivered said notes to this plaintiff for a valuable consideration." To these allegations appellee answered under oath as follows: "And for special answer in this behalf this defendant says that he did not for himself write or make nor did he authorize any one else to

write or make for him either over or above his name or anywhere else on said notes, the endorsement set out in plaintiff's petition and alleged to have been made by him. That he did not execute said endorsement and that he did not authorize any one else to execute the same for him." This plea expressly denies the execution of the contract on the back of said notes charged in the petition to have been executed by appellee or by his authority. This was a plea of *non est factum,* and put in issue the execution of the contract sued on. Rev. Stats. art. 1265, subdivisions 9 and 10; also articles 313 and 2318. Mr. Daniel, in his valuable work on Negotiable Instruments, sec. 1344, 2d volume, 5th edition, lays it down that where one is in possession of a paper containing a genuine signature and fraudulently fills it up so as to make it appear to be signed as maker, or endorser, or other party to a bill, it is as much a forgery as if the signature itself had been forged. It has been held that the making of an affidavit attacking a deed as a forgery imposes upon the party offering it, the burden of proving its execution in accordance with the rules of common law. Cox v. Cock, 59 Texas, 521; Robertson v. DuBose, 76 Texas, 6.

This court held that where a plea of failure of consideration of the note sued on is filed by defendant, the burden is on plaintiff to show a consideration. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 107 S. W., 157. A writ of error was granted in that case, but not on this holding.

In the case of Clark v. Hills, 67 Texas, 142, cited in that case, Chief Justice Willie, in his opinion, says: "The general rule is that the burden of proof remains on the party offering a fact in support of his case, and does not change in any aspect of the cause, though the weight of evidence may shift from side to side according to the nature and strength of proof offered in support of denial of the main fact to be established." He cites Central Bridge Corporation v. Butler, 2 Gray, 132; Blanchard v. Young, 11 Cushing, 345; Spaulding v. Hood, 8 Cushing, 605, which fully sustain the rule as announced. See also Franklin v. Smith, 1 U. R. Cases, 243, and Solomon v. Huey, 1 U. R. Cases, 267.

Again, appellant contends that under the facts as found by the trial court, the appellee was liable as guarantor on the notes and appellant as holder had the implied power to write over his signature the most absolute terms of guaranty. The notes at the time appellee wrote his name on the back thereof were the property of Mrs. Terry, wife of appellee, and they could be transferred by the husband's endorsement. Appellee did not endorse the notes until long subsequent to their execution and after they had been in circulation. We do not think he should be treated as a stranger to the notes.

But if it be conceded that he became liable as guarantor, still the judgment must be sustained. The petition does not charge the appellee as guarantor and does not seek to hold him liable as such. The pleadings of plaintiff seek to recover against appellee by reason of the contract endorsed on the back of the notes. The supplemental petition does allege that defendant repeatedly requested plaintiff not to institute suit on the notes. This was in reply to defendant's answer wherein defendant alleged that he endorsed the notes and that plaintiff had

failed to institute suit on the same either at the first or second term of court, and claimed that thereby he was released from liability. Again, if appellee was a stranger to the notes and his liability thereon was that of guarantor, and appellant had the implied authority to write over his signature the most absolute terms of guaranty, this did not authorize him to make a new contract. He could only write thereon a contract of guaranty. Chandler v. Westfall, 30 Texas, 475; Horton v. Manning, 37 Texas, 23. A guaranty is a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is in the first instance liable to such payment or performance. 2 Daniel on Neg. Instr., 5th ed., sec. 1752. The contract on the back of the notes makes the appellee absolutely liable for the notes. It made him liable, irrespective of the liability of the other parties to the notes. The appellant, upon the trial, dismissed as to the other defendants and seeks to hold appellee alone for the amount due on the notes. The trial court did not err in holding that the burden of proof was upon plaintiff, and judgment was properly rendered for defendant. The judgment is affirmed.

*Affirmed.*