## John Dido *v.* John Strobel, Appellant.

*Actions—Assumpsit—Proof of conspiracy does not defeat the action.*

An action was properly in assumpsit for money received by defendant from plaintiff on a promise to return same although the plaintiff's proof established a conspiracy to extort money, in which conspiracy defendant had a part. The evidence, however, being conflicting, the case was properly left to the jury.

*Practice—Pleading—Erroneous plea cured by trial and verdict.*

The action being assumpsit the fact that defendant elected to file an erroneous plea but went to trial and submitted proof in support of a proper one precludes him from questioning, after verdict, the record as he made it.

Argued Jan. 21, 1897. Appeal, No. 22, Jan. T., 1897, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1892, No. 746, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by defendant from judgment of alderman. Before LYNCH, P. J.

The facts sufficiently appear from the charge of the court, which was as follows :

This is an action brought by John Dido against Joseph Strobel for the recovery of sixty dollars, which he claims Strobel wrongfully obtained from him on the 11th day of May, 1892, with interest from that time. The contention of the plaintiff is that he was arrested by constable Lyons upon a charge of rape, which is, of course, a heinous crime. He was brought before 'Squire Morrisey, and was there asked how much money he had. [If this man was properly charged with the offense of rape, or any other serious crime of the character, the duty of the justice was to hear the case and accept bail, not to inquire into his financial standing. He said he had sixty dollars in the bank. In charge of the constable he returned to his boarding house, got his bank book, and with the constable and Strobel came to the bank where the money was deposited and drew the sixty dollars. Strobel asked him for the money and refused to return it to him. His witness, the constable, states the money was handed to Strobel by the plaintiff in town. Strobel laid

it upon the 'Squire's table, the constable took ten dollars of it, Strobel took ten dollars of it, and he does not know what became of the balance. If that be true, it is nothing short of an outrage. I do not say it is true, but if it be true it is time these officers took warning that that is not the way cases are to be handled, disposed of or tried. Because a person is ignorant or poor or may not know his rights, is no excuse. I say this for the benefit of the officers who may be engaged in the administration of law. If the case were to rest there, and if you believe the evidence, the plaintiff would be entitled to a verdict for sixty dollars and interest from the 11th of May, 1892.] [1] [The contention of the plaintiff is that this was a scheme into which the 'Squire, Strobel and the constable entered, a conspiracy; that the charge, to some extent at least, was trumped up, and in order to carry out the charge it was necessary to have these three men, and they divided the money. If you find from the evidence that Strobel got the money under any arrangement of this character, he alone, in this case, is responsible for the whole of it. If it were a conspiracy each one would be liable for the act of the other while engaged in the conspiracy.] [2]

The charge is answered by the defendant and his witnesses, who say it is not in part or whole true. The contention on the part of Mr. Strobel is that he merely acted as a friend of Dido in this proceeding; that they had been friends before, and at the urgent solication of Dido he paid the money over and settled the case, the character of which he did not exactly understand; it was something concerning illicit intercourse between Dido and another man's wife. In other words he simply acted as agent through whom the money passed, he neither received the money, kept it, paid it, acted with the money as if it were his own nor had any claim to it whatever. If this be true, you ought not to find a verdict against him. Which is the true theory of the case? You have had both laid before you, and according as you shall find the facts to be, so you ought to decide. [Did these three men enter into a conspiracy, whether by word or conduct to get Dido's money, and did Strobel get it? No matter to whom he gave it, or how he disposed of it, unless he returned it to the plaintiff. If you find that to be the case you ought to find a verdict against him.] [3] If you determine he simply acted as a friend to assist Dido out of his

trouble you ought not, under the evidence, render a verdict against him.   There are several questions of law in the case, but they do not fairly arise here.   For instance, it is true if any person having a knowledge of the actual commission of rape should take money to compound or agree to compound the crime, he is guilty of a felony.   It is not claimed on either side that the money was taken by Strobel for such purpose.   It is not contended that Strobel took the money for the purpose of compounding a felony nor that the money was given to Strobel for the purpose of settling a misdemeanor.   It is simply, as the defendant contends, so as to bring it specifically to your minds, that Strobel took the money and carried it to the 'Squire's office, more in the nature of an errand boy.   That, in substance, is the defendant's contention.   Which is the truth and which has been proven by the weight of credible evidence?

Defendant's counsel ask us to charge :

1. If the jury believe from the evidence the plaintiff drew the money and gave it to the defendant for the purpose of having the case pending before 'Squire Morrisey settled, he cannot recover.

We cannot so charge.   If plaintiff drew the money for the purpose of making a settlement, and they went to the justice together (if it was a common assault and battery case), and Strobel had gotten the money for that purpose and kept the money, he may be made to pay.   If he received the money for the purpose of preventing or interfering with a prosecution in its regular course, a different question would arise.

2. If the jury believe that the money was paid to the defendant for the purpose of procuring a settlement of a criminal charge against the plaintiff for rape or unlawful intercourse with Berdo's wife, the plaintiff cannot recover whether defendant paid the money over or not.

That point is affirmed, although I do not see that the question arises in the case.   If you believe there was a charge of rape pending against Dido and Dido gave Strobel $60.00 for the purpose of obstructing the prosecution, and Strobel so understood it, while it would be a crime on the part of Strobel, it would also be a crime on the part of Dido and he could not recover the money, because they were both engaged in an unlawful undertaking.

Verdict for plaintiff for $69.30.   Defendant appealed.

*Errors assigned* were (1–3) portions of the judge's charge.

*John McGahren,* with him *John F. Shea,* for appellant.—No proof of a fraudulent conspiracy between a defendant and the plaintiff's debtor will support an action of assumpsit: Hopkins v. Beebe, 26 Pa. 85.

The action should have been in trespass : 1 Brewster's Practice, 334; Wildee v. McKee, 111 Pa. 335.

In an action on the case for conspiracy, evidence of illegal and malicious acts by the defendant against the plaintiff, are insufficient without proof of a conspiracy between the parties to do the acts complained of : Gaunce v. Backhouse, 37 Pa. 350.

*John T. Lenahan,* with him *James L. Lenahan,* for appellee.— In the trial of the case it was developed that Strobel divided the $60.00 with the constable and the 'squire, and as it is a very common practice among certain officials in our community to trump up feigned charges against ignorant foreigners who are supposed to have some savings, the trial judge very naturally expressed his indignation at this course of conduct, and we believe that the result of this case will go far towards crushing out a system of blackmail that has grown so intolerable in our community as to justify us in saying that there is not a trial judge in Luzerne county for the past ten years whose experience has not furnished him with instances of the grossest oppression practiced by magistrates and constables in their dealings with the ignorant and illiterate population of our community.

Money obtained through fraud and misrepresentation may be recovered back in an action of assumpsit: Dana v. Kemble, 17 Pickering, 545; Dumond v. Carpenter, 3 Johnson, 183.

Again, the law is now settled that assumpsit may be maintained for money unlawfully exacted and taken under color of office ; Ripley v. Gelston, 9 Johnson, 201; Clinton v. Strong, 9 John. 370.

There is no merit in the suggestion that because the plea is "not guilty" therefore there is no issue ; the principle now being that the verdict of a jury cures any irregularity of this character : Cavene v. McMichael, 8 S. & R. 441.

Our court of last resort has even gone so far as to hold that although the pleadings made no issue they would not reverse

the judgment for that reason after the parties had gone to trial on the merits of the cause: Mathias v. Sellers, 86 Pa. 486.

OPINION BY ORLADY, J., February 16, 1897 :

The verdict in this case determines the truth of the plaintiff's demand, that Joseph Strobel received from him $60.00 and promised to return it.

The attending circumstances, through which a justice of the peace, a constable, and the defendant who pretended to be a friendly interpreter for the plaintiff in a proceeding apparently instituted to extort money, rather than apprehend a criminal, discloses a state of facts, found to be true by the verdict, justly described by the learned trial judge as "nothing short of an outrage." The fact that the money was divided between the parties in agreed upon proportions, furnishes no reason, under the proof and pleadings to prevent judgment against the one who received and promised to repay. The defendant elected to file an erroneous plea, but went to trial and submitted his proof in support of a proper one, which precludes him from questioning after verdict the record as he made it, and which did not injure him in any way. The action was properly in assumpsit, and while the plaintiff's proof established the conspiracy of these three officers of the law in securing the money from a foreigner ignorant of our laws and language, under the belief that it was to be used in compounding a felony, the fact found by the jury was simply the assumption of the defendant to repay the money he had previously received. The charge of the court fairly submitted the conflicting claims to the jury, and the verdict is fully warranted under the evidence. The judgment is affirmed.