## Craig v. Thoroughgood et ux.

*A. W. A. Cowan* and *A. M. Hickman*, for plaintiff.
*P. D. Zentmyer*, for defendants.

WINNET, J., October 15, 1947.—The question raised by the motion to strike off the counterclaim is whether rule 1031 of the Pennsylvania Rules of Civil Procedure extends the right of counterclaim.

Plaintiff sued in assumpsit to recover for work done as a plumber for defendants. The answer denies that the work was properly done and sets up as a counterclaim the sum of $125 required to complete the plumbing and "$500 for damages for humiliation, pain, suffering and loss of reputation incurred, and the sum of $100 damages charged by an attorney to represent defendants in said criminal action". This criminal action is blamed on plaintiff for the reason that he was not a registered plumber as required by statute. And in some manner, which is not set forth, one of defend-

ants was arrested for this alleged breach of the law by plaintiff.

Defendants' counterclaim for the sum of $600 is obviously a claim in tort. Goodrich-Amram, commenting on rule 1031, says (p. 140) :

"The limitations in Rule 1031(a) on the right of counterclaim in assumpsit cases leave the prior practice unchanged. The defendant's right of counterclaim is not absolute. If the defendant's 'cause of action' or 'set-off' is contractual or quasi-contractual in nature, there are no restrictions on the right of counterclaim. This includes situations in which the defendant may waive a tort and sue in assumpsit." We agree that rule 1031 did not extend the right of counterclaim.

The counterclaim of defendants is vague and indefinite. It would seem to be based on the deceit of plaintiff in representing himself as a registered plumber. If that is so no good can be served by trying this claim in an action for services rendered. Only confusion can result. The courts have always disallowed a counterclaim in tort in actions in assumpsit: Rothrock v. Wolfe, 99 Pa. Superior Ct. 30; Bratspis v. Kaplan, 82 Pa. Superior Ct. 542. In these cases the alleged tort arose out of the transaction on which suit was brought; the counterclaim or set-off was, nevertheless, disallowed. Only in cases where an implied promise to pay arises out of a conversion can the tort be waived and suit brought in assumpsit: Anderson Co. v. Findley, 350 Pa. 399, 401; Stein v. Cherry, 158 Pa. Superior Ct. 329, 331.

Plaintiff's motion to strike off counterclaim is made absolute. Defendant has leave to file within 15 days an amended counterclaim alleging specifically the work of plaintiff which was improperly performed for which defendants were required to spend the sum of $125 to complete.